

1  THOMAS E. FRANKOVICH,
   **A Professional Law Corporation**
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:     415/674-8600
4  Facsimile:     415/674-9900

5  Attorneys for Plaintiffs
   DAREN HEATHERLY and IRMA RAMIREZ
6

7                **UNITED STATES DISTRICT COURT**

8             **NORTHERN DISTRICT OF CALIFORNIA**

9

10 DAREN HEATHERLY and IRMA              )  **CV11      0644**
   RAMIREZ, each an individual,         )  CASE NO.
                                        )  **Civil Rights**
11      Plaintiffs,                      )
                                        )  **COMPLAINT FOR INJUNCTIVE RELIEF**
12 v.                                    )  **AND DAMAGES:**
                                        )
13                                       )  **1st CAUSE OF ACTION:** For Denial of Access
                                        )  by a Public Accommodation in Violation of the
14 MAIL BOXES ETC.; ERIC AND LINNEA     )  Americans with Disabilities Act of 1990 (42
   ALEXANDERSON, TRUSTEES OF THE        )  U.S.C. §12101, *et seq.*)
15 ALEXANDERSON FAMILY 2001             )
   TRUST; JON W. LEE, an individual dba )  **2nd CAUSE OF ACTION:** For Denial of Full
16 MAIL BOXES ETC.; and KENNETH         )  and Equal Access in Violation of California
   TOM, an individual dba MAIL BOXES    )  Civil Code §§54, 54.1 and 54.3
17 ETC.                                  )
                                        )  **3rd CAUSE OF ACTION:** For Denial of
18      Defendants.                      )  Access to Full and Equal Accommodations,
                                        )  Advantages, Facilities, Privileges and/or
19 _____ )  Services in Violation of California Civil Code
                                           §51, *et seq.* (The Unruh Civil Rights Act)
20

21

22                **DEMAND FOR JURY**

23

24

25

26

27

28

Plaintiff DAREN HEATHELY and plaintiff IRMA RAMIREZ, each an individual, complains of defendants ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM, dba MAIL BOXES ETC. and alleges as follows:

**INTRODUCTION:**

1.  This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' MAIL BOXES ETC., a place of public accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person with physical disabilities who, on or about November 18, 2010 and December 16, 2010, was an invitee, guest, patron, customer at defendants' MAIL BOXES ETC., in the City of San Francisco, California. At said times and place, defendants failed to provide proper legal access to the retail store, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance and signage. The denial of access was in violation of both federal and California legal requirements, and plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 4104 24th Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement.  Plaintiff  DAREN HEATHERLY relies primarily on a wheelchair to travel about in public.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome.  Plaintiff IRMA RAMIREZ relies on crutches and/or a wheelchair as her ambulance to travel about in public.

///

///

Consequently, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.     Defendants ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as MAIL BOXES ETC., located at/near 4104 24th Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7.     At all times relevant to this complaint, defendants ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM, own and operate in joint venture the subject MAIL BOXES ETC. as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8.     At all times relevant to this complaint, defendants ERIC AND LINNEA
ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON
W. LEE; and KENNETH TOM are jointly and severally responsible to identify and remove
architectural barriers at the subject MAIL BOXES ETC. pursuant to Code of Federal Regulations
title 28, section 36.201(b), which states in pertinent part:

### § 36.201     General

> (b) *Landlord and tenant responsibilities.* Both the landlord
> who owns the building that houses a place of public
> accommodation and the tenant who owns or operates the place of
> public accommodation are public accommodations subject to the
> requirements of this part.  As between the parties, allocation of
> responsibility for complying with the obligations of this part may
> be determined by lease or other contract.

28 CFR §36.201(b)

## PRELIMINARY FACTUAL ALLEGATIONS:

9.     The MAIL BOXES ETC., is a retail store, located at/near 4104 24th Street, San
Francisco, California 94114.  The MAIL BOXES ETC., its entrance and signage, and its other
facilities are each a "place of public accommodation or facility" subject to the barrier removal
requirements of the Americans with Disabilities Act.  On information and belief, each such
facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of
which has subjected the MAIL BOXES ETC. and each of its facilities, its entrance and signage to
disability access requirements per the Americans with Disabilities Act Accessibility Guidelines
(ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about November 29, 2001, defendants' and each of them purchased and/or
took possessory control of the premises now known as MAIL BOXES ETC.  At all times prior
thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,
or upon taking possessory interest that public accommodations had a duty to identify and remove
architectural barriers and were aware that MAIL BOXES ETC. was not accessible to the
disabled.  Nevertheless, defendants' and each of them, operated the MAIL BOXES ETC. as
though it was accessible.

11.   At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.   At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the MAIL BOXES ETC. as being handicapped accessible and handicapped usable.

13.   On or about November 18, 2010 and December 16, 2010, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was an invitee and guest at the subject MAIL BOXES ETC., for purposes of utilizing the services of MAIL BOXES ETC.

14.   On or about November 18, 2010, plaintiff DAREN HEATHERLY could not gain entrance to MAIL BOXES ETC.  There were two (2) entrances.  Neither was marked as an accessible entrance.  Neither had signage as to how service could be had.

15.   At said time and place, plaintiff DAREN HEATHERLY encountered steps that were architectural barriers and no method to summons assistance.  Patrons left MAIL BOXES ETC.  As they were leaving, plaintiff would raise his voice in an attempt to summon an employee.  Finally, plaintiff DARERN HEATHERLY summoned an employee and conducted his business from the sidewalk.

///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16.   On or about November 23, 2010, plaintiff DAREN HEATHERLY wrote both the landlord and tenant and stated:

> "Recently, I was in the City and needed to mail something. There are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with not getting in or having the same service as others. So, what can you do? You can put in a palm button and buzzer. Put up a sign with the wheelchair on it. A blue sign. Have it read "Press for Service". Be sure it has the wheelchair symbol on it. Then train your people on how to assist those needing assistance.
>
> I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.
>
> You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!"

17.     On or about December 16, 2010, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ returned to MAIL BOXES ETC. No remedial work had been done. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the exact same barriers encountered by plaintiff DAREN HEATHERLY on November 18, 2010. These barriers deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from enjoying the same goods and services experienced by able-bodied persons.

18.     Therefore, at said time(s) and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ, each a person with a disability, encountered the following inaccessible elements of the subject MAIL BOXES ETC., which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of directional signage to show accessible routes of travel, i.e. entrances or a place where services could be summoned;

b.     lack of an accessible entrance;

c.     lack of signage, policies, procedures and guidelines to ensure the persons with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

d.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

19.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

20.     On or about November 23, 2010, defendant(s) were sent two (2) letters by or on behalf of plaintiff DAREN HEATHERLY advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his/her letter, promising to immediately remove the barriers and providing a date when that would be accomplished.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

21.    As a legal result of defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

22.    Further, plaintiff DAREN HEATHERLY  and plaintiff IRMA RAMIREZ suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

23.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ harm as stated herein.

24.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied his/her rights to equal access to a public facility by defendants ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM , because defendants ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM maintained a retail store without access for persons with physical disabilities to its facilities, including but not limited to the entrance and signage, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   25. On information and belief, construction alterations carried out by defendants have

2 also triggered access requirements under both California law and the Americans with Disabilities

3 Act of 1990.

4   26. Each plaintiff, as described hereinbelow, seeks injunctive relief to require the

5 MAIL BOXES ETC. to be made accessible to meet the requirements of both California law and

6 the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants

7 operate the store as a public facility.

8   27. Each plaintiff seeks damages for violation of his/her civil rights on

9 November 18, 2010 and December 16, 2010 and seeks statutory damages of not less than $4,000,

10 pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day

11 after his/her visit that the trier of fact (court/jury) determines was the date that some or all

12 remedial work should have been completed under the standard that the landlord and tenant had an

13 ongoing duty to identify and remove architectural barriers where it was readily achievable to do

14 so, which deterred each plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from

15 returning to the subject public accommodation because of his/her knowledge and/or belief that

16 neither some or all architectural barriers had been removed and that said premises remains

17 inaccessible to persons with disabilities whether a wheelchair user or otherwise.

18   28. Plaintiff IRMA RAMIREZ does not seek damages under any causes of action

19 relative to plaintiff DAREN HEATHERLY's visit on November 18, 2010.

20   29. On information and belief, defendants have been negligent in their affirmative duty

21 to identify the architectural barriers complained of herein and negligent in the removal of some or

22 all of said barriers.

23   30. Because of defendants' violations, each plaintiff and other persons with physical

24 disabilities are unable to use public facilities such as those owned and operated by defendants on a

25 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

26 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

27 other accessibility law as plead herein.  Each plaintiff seeks an order from this court compelling

28 defendants to make the MAIL BOXES ETC. accessible to persons with disabilities.

31.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.   The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and implied malice toward each plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of each plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other retail service stores  and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

32.     Each plaintiff is informed and believes and therefore alleges that defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM, and each of them, caused the subject building(s) which constitute the retail store to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the store and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said store and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of MAIL BOXES ETC. and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

33.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the MAIL BOXES ETC. and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as each plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff DAREN HEATHERLY himself, Mail Boxes Etc., FedEx and UPS and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the MAIL BOXES ETC. accessible is further evidence of defendants' conscious disregard for the rights of plaintiffs and other similarly situated persons with disabilities.  Despite being informed of such effect on each plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for each plaintiff and other persons with physical disabilities to the MAIL BOXES ETC.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of each plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of each plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

34.     Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

(On behalf of Plaintiff DAREN HEATHERLRY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE, an individual dba MAIL BOXES ETC.; and KENNETH TOM, an individual dba MAIL BOXES ETC., inclusive) (42 U.S.C. §12101, *et seq.*)

35.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 34 of this complaint.

36.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

37.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

38.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment;

42 U.S.C. §12181(7)(E)(F)

39.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

40.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

///

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

41.    The removal of the barriers complained of by plaintiffs as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of MAIL BOXES ETC. pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

42.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.

1  Each plaintiff alleges that properly repairing, modifying, or altering each of the items that

2  plaintiffs complains of herein were and are "readily achievable" by the defendants under the

3  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

4  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

5  make the required services available through alternative methods which were readily achievable.

6      43.    On information and belief, construction work on, and modifications of, the subject

7  building(s) of MAIL BOXES ETC. occurred after the compliance date for the Americans with

8  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

9  the ADA.

10      44.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

11  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

12  Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the

13  basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is

14  about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from

15  returning to or making use of the public facilities complained of herein so long as the premises

16  and defendants' policies bar full and equal use by persons with physical disabilities.

17      45.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

18  disability to engage in a futile gesture if such person has actual notice that a person or

19  organization covered by this title does not intend to comply with its provisions." Pursuant to this

20  section, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each has not returned to

21  defendants' premises since on or about December 16, 2010, but on information and belief, alleges

22  that defendants have continued to violate the law and deny the rights of each plaintiff and of other

23  persons with physical disabilities to access this public accommodation. Pursuant to 42 USC

24  §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an

25  order to alter facilities to make such facilities readily accessible to and usable by individuals with

26  disabilities to the extent required by this title."

27  ///

28  ///

46.     Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ, each an individual and Against Defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE, an individual dba MAIL BOXES ETC.; and KENNETH TOM, an individual dba MAIL BOXES ETC., inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.)*

47.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

49.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    50.    California Civil Code §54.1 further provides that a violation of the Americans with

2 Disabilities Act of 1990 constitutes a violation of section 54.1:

3              (d) A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336) also
4              constitutes a violation of this section, and nothing in this section
               shall be construed to limit the access of any person in violation of
5              that act.

6              Civil Code §54.1(d)

7    51.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person

8 within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9 the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific

10 architectural barrier which defendants knowingly and willfully fail and refuse to remove

11 constitutes a separate act in violation of Civil Code §§54 and 54.1.  Each plaintiff has been and

12 continue to be denied full and equal access to defendants' MAIL BOXES ETC..  As a legal result,

13 each plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance

14 with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred

15 from visiting the MAIL BOXES ETC. because of his/her knowledge and belief that the MAIL

16 BOXES ETC. is inaccessible to persons with disabilities.  California Civil Code §54.3(a)

17 provides:

18              Any person or persons, firm or corporation, who denies or interferes
               with admittance to or enjoyment of the public facilities as specified
19              in Sections 54 and 54.1 or otherwise interferes with the rights of an
               individual with a disability under Sections 54, 54.1 and 54.2 is
20              liable for each offense for the actual damages and any amount as
               may be determined by a jury, or the court sitting without a jury, up
21              to a maximum of three times the amount of actual damages but in
               no case less than . . .one thousand dollars ($1,000) and . . .
22              attorney's fees as may be determined by the court in addition
               thereto, suffered by any person denied any of the rights provided in
23              Sections 54, 54.1 and 54.2.

24              Civil Code §54.3(a)

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    52.    On or about November 18, 2010 and December 16, 2010, plaintiff DAREN

2  HEATHERLY and plaintiff IRMA RAMIREZ for each of their respective visits suffered

3  violations of Civil Code §§54 and 54.1 in that plaintiff DAREN HEATHERLY and plaintiff

4  IRMA RAMIREZ each was denied access to the entrance and signage and other public facilities

5  as stated herein at the MAIL BOXES ETC. and on the basis that plaintiff DAREN HEATHERLY

6  and plaintiff IRMA RAMIREZ each was a person with physical disabilities.

7    53.    Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each

8  suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation,

9  embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and

10  naturally associated with a denial of access to a person with physical disabilities, all to each

11  plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted

12  discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity

13  that represents persons with physical disabilities and unable, because of the architectural barriers

14  created and maintained by the defendants in violation of the subject laws, to use the public

15  facilities hereinabove described on a full and equal basis as other persons.

16    54.    Each plaintiff has been damaged by defendants', and each of their, wrongful

17  conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of

18  each plaintiff's rights as a person or an entity that represents persons with physical disabilities on

19  or about November 18, 2010 and December 16, 2010, and on a continuing basis since then,

20  including statutory damages, a trebling of all of actual damages, general and special damages

21  available pursuant to §54.3 of the Civil Code according to proof.

22    55.    As a result of defendants', and each of their, acts and omissions in this regard,

23  each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each

24  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

25  disabilities and prohibiting discrimination against persons with physical disabilities.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this

2 | lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

3 | Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

4 | plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

5 | the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

6 | party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

7 | **III.** **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff DAREN HEATHELRY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE, an individual dba MAIL BOXES ETC.; and KENNETH TOM, an individual dba MAIL BOXES ETC., inclusive) (Civil Code §51, 51.5)

13 | 56.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

14 | allegations contained in paragraphs 1 through 55 of this complaint.

15 | 57.    Defendants' actions and omissions and failure to act as a reasonable and prudent

16 | public accommodation in identifying, removing and/or creating architectural barriers, policies,

17 | practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

18 | Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

26 | ///

27 | ///

28 | ///

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

58.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

59. Defendants' acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at §35, *et seq.*, as if repled herein.

60. Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to each plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

61. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2     Plaintiffs pray that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an
5     individual and Against Defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES
6     OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE, an individual dba
    MAIL BOXES ETC.; and KENNETH TOM, an individual dba MAIL BOXES ETC.,
7     inclusive) (42 U.S.C. §12101, *et seq.*)

8     1.     For injunctive relief, compelling defendants ERIC and LINNEA

9 ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W.

10 LEE; and KENNETH TOM , inclusive, to make the MAIL BOXES ETC., located at 4104 24th

11 Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

12 per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice,

13 eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

14 privileges, advantages and accommodations being offered.

15     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

16 the prevailing party; and

17     3.     For such other and further relief as the court may deem proper.

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE, an individual dba MAIL BOXES ETC.; and KENNETH TOM, an individual dba MAIL BOXES ETC., inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. For injunctive relief, compelling defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE; and KENNETH TOM , inclusive, to make the MAIL BOXES ETC., located at 4104 24th Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. General damages according to proof;

6. For all costs of suit;

7. Prejudgment interest pursuant to Civil Code §3291; and

8. Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, each an individual and Against Defendants ERIC and LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE, an individual dba MAIL BOXES ETC.; and KENNETH TOM, an individual dba MAIL BOXES ETC., inclusive) (California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: ___2/1/11___, 2011      THOMAS E. FRANKOVICH,
                                                        *A PROFESSIONAL LAW CORPORATION*


                                        By: _____
                                                        THOMAS E. FRANKOVICH
                                                        Attorneys for Plaintiff DAREN HEATHERLY and
                                                        Plaintiff IRMA RAMIREZ, each an individual


## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.


Dated: ___2/1/11___, 2011      THOMAS E. FRANKOVICH,
                                                        *A PROFESSIONAL LAW CORPORATION*


                                        By: _____
                                                        THOMAS E. FRANKOVICH
                                                        Attorneys for Plaintiff DAREN HEATHERLY and
                                                        Plaintiff IRMA RAMIREZ, each an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

Exhibit A

Recycled Stock # R DOA-10-B

Daren Heatherly
734 Morton Way
Santa Rosa, Ca 95404

November 23, 2010

Mail Boxes Etc.
4104 24th St
San Francisco, Ca 94114

Dear Manager of Mail Boxes Etc:

Recently, I was in the City and needed to mail something. There are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with not getting in or having the same service as others. So, what can you do? You can put in a palm button and buzzer. Put up a sign with the wheelchair on it. A blue sign. Have it read "Press for Service". Be sure it has the wheelchair symbol on it. Then train your people on how to assist those needing assistance.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Daren Heatherly

Daren Heatherly
734 Morton Way
Santa Rosa, Ca 95404


November 23, 2010

Mail Boxes Etc.
4104 24th St
San Francisco, Ca 94114

Dear Owner of Building for Mail Boxes Etc:

Recently, I was in the City and needed to mail something. There are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with not getting in or having the same service as others. So, what can you do? You can put in a palm button and buzzer. Put up a sign with the wheelchair on it. A blue sign. Have it read "Press for Service". Be sure it has the wheelchair symbol on it. Then train your people on how to assist those needing assistance.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Daren Heatherly