Thomas P. Gmelich, Esq., SBN 166562
G. Dean Guerrero, Esq. SBN 228625
BRADLEY & GMELICH
700 N. Brand Boulevard, 10th Floor
Glendale, CA 91203-1422
Telephone: (818) 243-5200
Facsimile: (818) 243-5266

Attorneys for Defendants,
JON LEE DBA MAIL BOXES ETC. AND ERIC AND LINNEA
ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001
TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY and IRMA RAMIREZ, each an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MAIL BOXES ETC.; ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST; JON W. LEE, an individual dba MAIL BOXES ETC.; and KENNETH TOM, an individual dba MAIL BOXES ETC.<br><br>Defendants. | CASE NO. CV 11 0644<br>Civil Rights<br><br>DEFENDANTS ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL<br><br>Complaint Filed: February 11, 2011 |

COMES NOW the defendants, ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST (hereinafter referred to as "Defendants") and answers the Complaint of plaintiffs, DAREN HEATHERLY and IRMA RAMIREZ (hereinafter collectively referred to as "Plaintiffs") for itself alone and for no other defendant as follows:

\\\

\\\

-1-

1. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 1; therefore Defendants deny the allegations.

2. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 2; therefore Defendants deny the allegations.

3. Defendants admit that this Court is the proper jurisdiction for actions pursuant to 28 U.S.C. 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq.

4. Defendants admit that this Court is the proper venue for actions pursuant to 28 U.S.C. 1391(b). Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 4; therefore Defendants deny the allegations.

5. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 5; therefore Defendants deny the allegations.

6. Defendant admits that it owns the property located at 4104 24th Street, San Francisco, California and that Defendant, JON LEE leases the property located at 4104 24th Street, San Francisco, California. Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 6; therefore Defendants deny the allegations.

7. Defendants do not own and/or operate the business at the property located at 4104 24th Street, San Francisco, California. Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 7; therefore Defendants deny the allegations.

8. Defendant admits that the cited language contained in Paragraph 8 is a verbatim citation of 28 CFR §36.201(b). Defendants have insufficient information

to admit or deny the balance of the allegations contained in Paragraph No. 8; therefore Defendants deny the allegations.

9.   Defendants admit that a Mail Boxes Etc. was operated at the property located at 4104 24th Street, San Francisco, California. Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 9; therefore Defendants deny the allegations.

10.  Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 10; therefore Defendants deny the allegations.

11.  Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 11; therefore Defendants deny the allegations.

12.  Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 12; therefore Defendants deny the allegations.

13.  Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 13; therefore Defendants deny the allegations.

14.  Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 14; therefore Defendants deny the allegations.

15.  Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 15; therefore Defendants deny the allegations.

16.  Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 16; therefore Defendants deny the allegations.

BRADLEY & GMELICH

17. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 17; therefore Defendants deny the allegations.

18. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 18; therefore Defendants deny the allegations.

19. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 19; therefore Defendants deny the allegations.

20. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 20; therefore Defendants deny the allegations.

21. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 21; therefore Defendants deny the allegations.

22. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 22; therefore Defendants deny the allegations.

23. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 23; therefore Defendants deny the allegations.

24. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 24; therefore Defendants deny the allegations.

25. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 25; therefore Defendants deny the allegations.

DEFENDANTS ERIC AND LINNEA ALEXANDERSON, TRUSTEE OF THE ALEXANDERSON FAMILY 2001 TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT

26. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 26; therefore Defendants deny the allegations.

27. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 27; therefore Defendants deny the allegations.

28. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 28; therefore Defendants deny the allegations.

29. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 29; therefore Defendants deny the allegations.

30. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 30; therefore Defendants deny the allegations.

31. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 31; therefore Defendants deny the allegations.

32. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 32; therefore Defendants deny the allegations.

33. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 33; therefore Defendants deny the allegations.

34. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 34; therefore Defendants deny the allegations.

35. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 35; therefore Defendants deny the allegations.

36. Defendants admit that the cited language contained in Paragraph 36 is a partial citation of 42 U.S.C.A 12101.

37. Defendants admit that the cited language contained in Paragraph 37 is a partial citation of 42 U.S.C.A 12102.

38. Defendant admits that the cited language contained in Paragraph 38 is a citation of 42 U.S.C.A 12181(7)(E)(F).

39. Defendant admits that the cited language contained in Paragraph 39 is a citation of 42 U.S.C.A 12182.

40. Defendants admit that the cited language contained in Paragraph 39 is a citation of 42 U.S.C.A 12182.

41. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 41; therefore Defendants deny the allegations.

42. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 42; therefore Defendants deny the allegations.

43. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 43; therefore Defendants deny the allegations.

44. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 44; therefore Defendants deny the allegations.

45. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 45; therefore Defendants deny the

BRADLEY & GMELICH

allegations.

46. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 46; therefore Defendants deny the allegations.

47. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 47; therefore Defendants deny the allegations.

48. Defendants admit that the cited language contained in Paragraph 48 is a partial citation of California Civil Code §54(a). Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 48; therefore Defendants deny the allegations.

49. Defendants admit that the cited language contained in Paragraph 49 is a partial citation of California Civil Code §54.1(a). Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 49; therefore Defendants deny the allegations.

50. Defendants admit that the cited language contained in Paragraph 50 is a partial citation of California Civil Code §54.1(d). Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 50; therefore Defendants deny the allegations.

51. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 51; therefore Defendants deny the allegations.

52. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 52; therefore Defendants deny the allegations.

53. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 53; therefore Defendants deny the

DEFENDANTS ERIC AND LINNEA ALEXANDERSON, TRUSTEE OF THE ALEXANDERSON FAMILY 2001 TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT

allegations.

54. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 54; therefore Defendants deny the allegations.

55. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 55; therefore Defendants deny the allegations.

56. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 56; therefore Defendants deny the allegations.

57. Defendant admits that the cited language contained in Paragraph 57 is a partial citation of California Civil Code §51. Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 57; therefore Defendants deny the allegations.

58. Defendants admit that the cited language contained in Paragraph 58 is a partial citation of California Civil Code §51.5. Defendants have insufficient information to admit or deny the balance of the allegations contained in Paragraph No. 58; therefore Defendants deny the allegations.

59. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 59; therefore Defendants deny the allegations.

60. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 60; therefore Defendants deny the allegations.

61. Defendants have insufficient information to admit or deny the allegations contained in Paragraph No. 61; therefore Defendants deny the allegations.

\\\

## RESPONSE TO PRAYER FOR RELIEF

The remaining allegations in Plaintiffs' Complaint are merely prayers for relief. Defendants deny that Plaintiffs are entitled to any remedy or relief, including the relief requested in Plaintiffs' Prayer for each and every cause of action, and denies that Plaintiffs have suffered any injury or damage in this matter.

## **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

1. The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

## **SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

2. Based on Defendants' information and belief, Plaintiffs failed to exercise reasonable care and diligence to avoid loss and minimize damages, if any, and as a consequence they may not recover for losses which could have been prevented by reasonable efforts on their part. Therefore, recovery by Plaintiffs, if any, should be reduced by Plaintiffs' failure to mitigate their own damages.

## **THIRD AFFIRMATIVE DEFENSE**

(Defendants Are Not a "Business Establishment")

3. These answering Defendants are not a "business establishment" pursuant to *California Civil Code* §51.5 and therefore, is not subject to the Unruh Civil Rights Act.

## **FOURTH AFFIRMATIVE DEFENSE**

(The Premises Is In Compliance With All Applicable Laws)

4. With respect to the alleged inaccessible conditions mentioned in Plaintiffs' Complaint, the premises located at 4104 24th Street, San Francisco, California is in substantial, if not full, compliance with the requirements set forth in

the ADA and California's Title 24 for existing facilities. Plaintiffs are therefore not entitled to any damages.

### FIFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

5. Defendants are informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiffs' remedies are barred by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
(Equal Access)

6. Defendants have modified its policies, practices and procedures as required by the ADA to afford individuals with a disability full and equal access to the goods, services, facilities, privileges, advantages and accommodations offered by the premises located at 4104 24th Street, San Francisco, California.

### SEVENTH AFFIRMATIVE DEFENSE
(Alternative Methods)

7. Defendants have alternative methods of complying with the ADA, thereby providing full and equal access for individuals with a disability to the goods, services, facilities, privileges, advantages and accommodations offered at the premises located at 4104 24th Street, San Francisco, California.

### EIGHTH AFFIRMATIVE DEFENSE
(Defendants Are In Compliance With California Civil Code §§ 51, 52 and 54.1)

8. With respect to the alleged inaccessible conditions mentioned in Plaintiffs' Complaint, Defendants are in complete compliance with California Civil Code §§ 51, 52 and 54.1.

\\\
\\\
\\\

-10-

## NINTH AFFIRMATIVE DEFENSE

(Civil Penalty)

9. The Complaint herein fails to allege facts sufficient to state a claim for the recovery of any civil penalty from Defendants, and the imposition of such a penalty would violate the constitutional rights of Defendants.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations, Doctrine of Laches)

10. Defendants are informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiffs' Complaint is barred by the statute of limitations and doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

(Alleged Actions Were not Intentional)

11. The discriminatory actions alleged by Plaintiffs were not intentional. As a result, Plaintiffs are not entitled to the relief requested in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Intervening Acts)

12. Defendants are informed and believes, and thereon allege, that the injuries and damages of which Plaintiffs complain, and for which Plaintiffs seek recovery, if any, were the result of causes independent of any purported acts or omissions on the part of Defendants, which causes operated as intervening and superseding causes, thereby cutting off any liability on the part of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

13. Defendants are informed and believe, and thereon alleges, that to the extent that any damage sustained by Plaintiffs, or any other person, was proximately caused by Plaintiffs or any other party's failure to mitigate damages by failing to

exercise reasonable care in preventing such damage, Plaintiffs are barred from recovering of such damages against Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Waiver)

14. As to each alleged cause of action, some or all of the claims for damages in the Complaint are barred in that Plaintiffs have waived those claims.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Not Readily Achievable)

15. Some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, is not readily achievable.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Structurally Impracticable)

16. Some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, would be structurally impracticable.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Mootness)

17. Some or all of the claims in the Complaint are moot in that Defendants are and/or have been in compliance with the laws, statutes, and regulations governing treatment of individuals with physical limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Lack of Proximate Cause)

18. No act or omission of Defendants were the cause of Plaintiffs' damages, if any. In the alternative, Plaintiffs' alleged damages, if any, were proximately caused by the conduct of persons or entities other than answering Defendants. Plaintiffs' damages, if any, must be reduced in proportion to the amount attributable to the conduct of persons or entities other than Defendants up to and including 100 percent.

### NINETEENTH AFFIRMATIVE DEFENSE

(Not Entitled to Attorneys' Fees)

19. The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiffs to recover attorneys' fees.

### TWENTIETH AFFIRMATIVE DEFENSE

(Estoppel)

20. Defendants are informed and believes, and based thereon allege, that Plaintiffs are estopped from asserting the claims contained in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Notice)

21. Defendants allege that Plaintiffs failed to give timely notice, if any, of their claim and Defendants have been substantially prejudiced thereby.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Claims Premature)

22. Defendants allege that the Complaint, and every claim asserted therein, is premature.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction)

23. Defendants allege that the Court has no subject matter jurisdiction over the claims alleged in the Complaint because, among other things, Defendants are informed and believes that Plaintiffs are not within the class that the Americans With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and they are not aggrieved persons under the Americans With Disabilities Act.

\\\
\\\
\\\

DEFENDANTS ERIC AND LINNEA ALEXANDERSON, TRUSTEE OF THE
ALEXANDERSON FAMILY 2001 TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

24. Defendants allege that Plaintiffs have no standing to assert the claims alleged in the Complaint because, among other things, Defendants are informed and believes that Plaintiffs are not within the class that the Americans With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and they are not aggrieved persons under the Americans With Disabilities Act nor any other law similar to or authorizing suits under the Americans With Disabilities Acts.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Modification of Building Required)

25. Defendants allege that at all times mentioned in Plaintiffs' Complaint, that admittance of Plaintiffs to the subject building would require construction, alteration, or structural modification of the subject building.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Alterations Triggering Access Requirements)

26. Defendants allege that Defendants have not carried out any construction alterations to the subject property which would trigger access requirements under Federal or State law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Access Requirements Not Readily Achievable)

27. Defendants allege that the access requirements sought in Plaintiffs' Complaint are not reasonably or readily achievable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Lack of Corporate Authorization, Knowledge or Ratification)

28. Defendants allege that Plaintiffs are not entitled to recover punitive damages against Defendants because Defendants did not authorize, have advance

-14-

knowledge of, or ratify in any way the acts and/or omissions alleged in the Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(Undue Hardship)

29. Defendants are informed and believes and thereon allege that, as to each alleged cause of action, Plaintiffs' Complaint is barred as the requested relief would constitute an undue hardship on Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE
(Failure to State A Claim for Injunctive Relief)

30. Plaintiffs' Complaint fails to state a claim upon which injunctive relief can be granted against Defendants.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Lack of Standing for Violations Not Encountered)

31. Plaintiffs lack standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violation not actually encountered by them because Plaintiffs cannot show injury in fact as to such violations.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Lack of Standing for Claim Under Health & Safety Code Section 19955(a))

32. Plaintiffs lack standing to asset a separate cause of action against Defendants pursuant to California Health & Safety Code Section 19955(a).

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(No Authority)

33. Plaintiffs' Complaint, and each purported claim for relief alleged therein, are barred because, to the extent that Defendants have obligations under state or federal law to remove barriers at the subject premises, the alleged obligations exceed the scope of the legislated authority.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Not Authorized By Unruh Act)

34. Plaintiffs are barred from obtaining relief under California Civil Code Sections 51, et seq. because nothing therein may be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, to any existing establishment, facility, building, improvement, or any other structure.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Disproportionate Costs)

35. Defendants allege that the cost of some or all of the modifications to the subject premises that Plaintiffs seek in this action is disproportionate in terms of both cost and scope to that of any alterations made within the statutory period, if any.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Adequate Legal Remedy)

36. Plaintiffs are not entitled to any injunctive or equitable relief because they have adequate legal remedies.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(No Irreparable Harm)

37. Plaintiffs are not entitled to any injunctive or equitable relief because they have not and will not suffer irreparable harm or injury.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Improper Party)

38. Plaintiffs' Complaint, and each purported claim for relief alleged therein, are barred to the extent Defendants did not and do not own, operate, lease, maintain or have any responsibility for portions of the subject premises that allegedly fail to comply with applicable law.

DEFENDANTS ERIC AND LINNEA ALEXANDERSON, TRUSTEE OF THE
ALEXANDERSON FAMILY 2001 TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

39. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unknown affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE defendants, ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST pray as follows:

1. That Plaintiffs take nothing by reason of their Complaint for damages and injunctive relief;
2. That Defendants be awarded judgment in this action;
3. That Defendants be awarded costs of suit incurred herein; and
4. For such other and further relief as this court may deem just and proper.

DATED: June 14, 2011                           BRADLEY & GMELICH

By: /s/ G. Dean Guerrero
_____
Thomas P. Gmelich
G. Dean Guerrero

Attorneys for Defendants, JON LEE DBA MAIL BOXES ETC. AND ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST

-17-

DEFENDANTS ERIC AND LINNEA ALEXANDERSON, TRUSTEE OF THE ALEXANDERSON FAMILY 2001 TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

Defendants, ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST demand a trial by jury in the above captioned matter.

DATED: June 14, 2011                                    BRADLEY & GMELICH

By: /s/ G. Dean Guerrero
    _____
    Thomas P. Gmelich
    G. Dean Guerrero

Attorneys for Defendants, JON LEE DBA MAIL BOXES ETC. AND ERIC AND LINNEA ALEXANDERSON, TRUSTEES OF THE ALEXANDERSON FAMILY 2001 TRUST

DEFENDANTS ERIC AND LINNEA ALEXANDERSON, TRUSTEE OF THE ALEXANDERSON FAMILY 2001 TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT